MOORE v. THE KANSAS CITY & INDEPENDENCE RAPID TRANSIT RAILWAY COMPANY, *Appellant.*

Division Two, January 9, 1895.

1. **Street Railway**: TRAVELER: TRACK. A street railway company's right to use that part of the street occupied by its tracks is paramount to the right of a person driving thereon.

2. ———: ———: ———. Neither the company nor the traveler, however, has a superior right to the other at a public crossing.

3. ———: ———: ———: NEGLIGENCE. When a street railway car is being operated, the company must exercise reasonable care to discover persons on the track or so near thereto as to render their position one of peril.

4. ———: ———: ———: ———. One driving on a street along a railroad track with knowledge that a train is likely to pass and that his horses are afraid of cars can not recover for injuries resulting from the frightening of his horses, he having had an opportunity to remove them to a safe distance and neglecting to do so.

5. ——: ——: ——: ——. Where one driving along a street beside defendant's railway tracks is injured by his horses taking fright at a passing train, he may recover, although guilty of some negligence, if the defendant could, by the exercise of ordinary care, have avoided the injury.

6. **Contributory Negligence.** It is only where plaintiff's negligence contributes directly to his injury that it precludes his recovery therefor.

7. ——: INSTRUCTION. An instruction on contributory negligence, given in this case for plaintiff, *held* erroneous because it omitted to set forth the facts necessary to constitute such negligence.

*Appeal from Pettis Circuit Court.*—HON. RICHARD FIELD, Judge.

REVERSED AND REMANDED.

*Karnes, Holmes & Krauthoff* for appellant.

(1) Plaintiff's first instruction was wrong; cars can only move on the tracks and it is the duty of the traveler to give way to them. *Hicks v. Railroad,* 27 S. W. Rep. 542; *Zimmerman v. Railroad,* 71 Mo. 476; *Com. v. Temple,* 14 Gray, 69; Elliott on Roads and Streets, pp. 577, 578; *Childs v. Railroad,* 33 La. Ann. 154; *Chrisman v. Railroad,* 150 Pa. St. 180; *O'Neil v. Railroad,* 129 N. Y. 125. (2) The court should have given defendant's instructions. *Hagg v. Railroad,* 55 N. W. Rep. 444; *Olson v. Railroad,* 81 Wis. 41; *Hargis v. Railroad,* 75 Tex. 19; *Deville v. Railroad,* 50 Cal. 383; *Cornell v. Railroad,* 82 Mich. 495; *Philadelphia, etc., Co. v. Stinger,* 78 Pa. St. 219. (3) The second instruction given for plaintiff was erroneous; it was not grounded on evidence in the case and does not state the facts constituting contributory negligence. *Yarnall v. Railroad,* 75 Mo. 575; *Gurley v. Railroad,* 93 Mo. 445; *Goodwin v. Railroad,* 75 Mo. 73; *Ravenscraft v. Railroad,* 27 Mo. App. 617.

(4) Plaintiff's instruction on the measure of damages did not sufficiently inform the jury as to the elements constituting such damages. *Hawes v. Stock Yards Co.*, 103 Mo. 66; *Stephens v. Railroad*, 96 Mo. 207; *Slaughter v. Railroad*, 116 Mo. 269.

*Hollis & Lithgow* for respondent.

(1) The court committed no error in refusing appellant's instructions 1, 2 and 3, even had the case been tried on the theory of injury by defendant and negligence of plaintiff contributing to cause it which theory was abandoned by the issue tried. *Hurt v. Railroad*, 94 Mo. 225; *Kellny v. Railroad*, 101 Mo. 67, and cases cited; *Dunham v. Railroad*, 95 Mo. 232; *Leabo v. Goode*, 67 Mo. 126. (2) The instructions numbered 4 and 9 asked by defendant and given by the court, showed the theory upon which defendant relied and tried the case on, and were very favorable to and binding on it. *Tetherow v. Railroad*, 98 Mo. 74. (3) Plaintiff's first instruction does not claim any right to the use of defendant's track or its right of way, hence the authorities cited by appellant are not in point, unless defendant's right of way covers the whole street. *Winters v. Railroad*, 99 Mo. 509; *Eswin v. Railroad*, 96 Mo. 290; *Smith v. Railroad*, 91 Mo. 152; *Glaessner v. Ass'n*, 100 Mo. 509. (4) The instruction on measure of damages complained of is warranted and not open to the objections in the cases cited by appellant. *Sidekum v. Railroad*, 93 Mo. 400; *Furnish v. Railroad*, 102 Mo. 438; *Smith v. Railroad*, 108 Mo. 243. (5) As to the failure of plaintiff to prove the value of his lost time, this would not prevent the jury from finding nominal damages for same. The evidence shows five weeks entire loss and plaintiff not able to do a full day's work at time of trial. *Hays v. Delzell*, 21 Mo. App. 679;

*McCord v. Railroad*, 21 Mo. App. 92; *Fulkerson v. Eads*, 19 Mo. App. 620; *Herman v. Bradstreet*, 19 Mo. App. 227. (6) The amount of the verdict shows that nothing was considered for lost time and the damages are not excessive.

BURGESS, J.—Action for personal injuries begun in the circuit court of Jackson county. The venue was subsequently changed to the circuit court of Pettis county on application of plaintiff where, on trial to a jury, plaintiff's damages were assessed at $2,640. Defendant appeals.

The petition is in two counts. The first alleges that defendant was operating a line of railway from Kansas City to Independence, Missouri; "that on or about the tenth day of February, 1891, plaintiff was, with his wagon and team, traveling along and upon a street in the city of Independence along the side of defendant's railroad track; that, while he was so traveling, one of defendant's trains of cars going in a westerly direction and approaching the place where plaintiff and his team were, did negligently and unnecessarily and carelessly manage said engine and cars so as to cause plaintiff's team to take fright and shove or back his wagon close to, upon and against the track of defendant, placing plaintiff and his wagon in great peril, when then and there defendant, by its servants operating said engine and train, did carelessly and negligently run the same against the wagon of plaintiff, breaking the same and throwing the plaintiff out upon the street" and injuring him. "Plaintiff avers that the servants of defendant managing said train, saw plaintiff, or by the exercise of ordinary care and diligence could have seen him, in said perilous position in time to have avoided the injury by the exercise of reasonable care on the part of the management of said

train." The second count seeks to recover damages to plaintiff's wagon and the loss of some kerosene oil therein, occasioned by the same accident which caused the injuries to his person complained of in the first count.

The answer of defendant was a general denial of the allegations of the petition; a plea of contributory negligence, "which negligence consisted in his driving a team of horses which he knew were easily frightened by the cars, on and along defendant's right of way at a time when he knew, or by the exercise of ordinary care might have known, that defendant's train was liable at any time to pass, and that he failed to drive off said street as he should have done, and that in consequence of such negligence, his team became frightened and the accident and whatever damages plaintiff sustained to his person or property were occasioned thereby." Plaintiff replied, denying the new matter set up in the answer.

In order that the facts may be better understood, reference may be had to the following map:

Moore v. The K. C. & I. Rapid Transit R'y Co.

Centre Line, Section 3.

SAWYER STREET.

GROVE STREET.

CLARK STREET.

WILS

ROBE

Kansas City

LEXINGTON STREET.

and

Independence.

LEXINGTON STREET, INDEPENDENCE, MO,

Map
Showing the K. C. & I. R. T. R'y
as located in

Clark St.
Rapid

Station.

Transit.

35 ft.    7 2 ft.

Alley.

GRAND AVENUE.

100

50

It will be observed that Clark street and Grove street run east and west; that Lexington street runs in a northeasterly direction and a little west of the center of it. Under permission from Independence, defendant's tracks are laid along said street. From Clark street to Grove street the trains of defendant go toward Kansas City, which is west of Independence.

On February 11, 1891, a train of defendant was going from Independence to Kansas City, and stopped at Clark street station. About the same time, plaintiff was driving a light spring wagon with two horses on the east side of Lexington street and of defendant's track at a point south of the alley. He was going in a northeasterly direction and the train was going southwest. As the train and plaintiff's team neared each other, the plaintiff's horses became frightened at the approach of the train.

Plaintiff's contention was that his wagon was backed on the track of the defendant and that the servants of the defendant in charge of the train saw, or by the exercise of ordinary care might have seen, his wagon on the track or being backed on the track, in time to have stopped the train, but that defendant's servants in charge of the train negligently ran the train against plaintiff's wagon, throwing him to the ground, and injuring him, breaking his wagon and spilling the oil therein.

Defendant's evidence was that its train never struck plaintiff's wagon at all; that his wagon was turned over by his horses, and defendant's engine did not even touch plaintiff's wagon.

It appeared from plaintiff's own testimony that the trains of defendant usually consisted of a dummy engine and two cars. That, a day or two before the accident, plaintiff's horses had scared at a train of cars, and that he knew it.

The courthouse square in Independence is the eastern terminus of defendant's road, and the point where the accident occurred is a short distance west of the square. The trains of defendant in going east passed the point of the accident and went to the square.

The first instruction given in behalf of plaintiff is as follows:

"1. The court instructs the jury that the railroad track of defendant where the injury, if any, occurred, was laid in a public street of Independence, Missouri; that the plaintiff had as much right to the use of said street for the purpose of travel, in the carrying on of his business, as did the defendant. It was the duty of both to so conduct themselves in the use of said street as not to injure the other in the exercise of his rights, if the same could be done by the exercise of the diligence required of prudent persons under the same or similar circumstances; and if you believe, from the evidence, that the team of plaintiff became unmanageable and began backing his wagon toward the track of defendant, and that defendant's train struck the same and caused the injury complained of; and you further find from the evidence that the servants of defendant operating said train saw plaintiff's team so from under his control, and backing himself and wagon toward the track and into peril, or, by the exercise of reasonable care, caution and prudence on their part, might have seen plaintiff in, or going into, peril, if he was in, or going into, peril, in time to have prevented the injury, if any, by the exercise of every reasonable exertion on their part in stopping or slacking the speed of the train without injury to the train or the passengers thereon, and you further find that they failed to perform this duty, then defendant was guilty of negligence, and if you further find that the injury, if any, was caused by this negligence of defendant,

Moore v. The K. C. & I. Rapid Transit R'y Co.

without fault of plaintiff, then your verdict should be for the plaintiff.''

It is contended by defendant that this instruction is erroneous and misleading, and *Hicks v. Railroad*, 124 Mo. 115, is relied upon as sustaining that contention. In that case the fact was that the plaintiff had voluntarily driven his horse, attached to a buggy, upon defendant's track, and it was rightly held that, while persons in wagons and other vehicles have the right to pass over or upon street car tracks, yet, that right does not absolve him from the duty of leaving the track to avoid approaching trains, and that, as the cars are entitled to the right of way as to all others, it was the duty of plaintiff to give way to the approaching cars so as to occasion no unnecessary delay to persons who might be traveling thereon.

In *Zimmerman v. Railroad*, 71 Mo. 476, the plaintiff was walking along on the railroad track at the time of his injury.

In Elliott on Roads and Streets, pages 577, 578, it is said that, ''the grant of a right to use the streets of a city gives the company rights superior to those of persons riding or driving along the street;'' that street railways must necessarily have greater rights than has the ordinary traveler, and that those traveling in the ordinary way must leave the track in order to give the right of way to the passing cars.

As was said in *O'Neil v. Railroad*, 129 N. Y. 125: ''The rule invoked * * * has its application where the tracks of street railways are laid in the streets. As the cars must run upon the tracks and can not turn out for vehicles drawn by horses, they must have the preference, and such vehicles must, as they can, in a reasonble manner, keep off from the railroad tracks so as to permit the free and unobstructed passage of the cars.

VOL. 126—18

In no other way can street railways be operated. As to such vehicles the railways have the paramount right to be exercised in a reasonable and prudent manner." To the same effect are *Commonwealth v. Temple*, 14 Gray, 69; *Childs v. Railroad*, 33 La. Ann. 154; *Schwartz v. Railroad*, 30 La. Ann. 15; *Warner v. Street R'y Co.*, 141 Pa. St. 615; *Ehrisman v. Railroad*, 150 Pa. St. 180; *Wilbrand v. Railroad*, 3 Bosw. 314; *Bindbeutal v. Street Railway Co.*, 43 Mo. App. 463; *Whitaker v. Railroad*, 51 N. Y. 295; 23 Am. and Eng. Encyclopedia of Law, pp. 1028, 1029.

The rule seems to be different, however, in case of such railway crossing a street, and a vehicle crossing the railroad track; in such case neither has a superior right to the other. *O'Neil v. Railroad, supra.*

This instruction told the jury that, "plaintiff had as much right to use the street as did the defendant." In this we think it not only misleading, but wrong in principle, in so far as it applied to the portion of the street occupied by the defendant company, to which it had a paramount right, including a strip on the outer side of either rail necessarily wide enough for the operation of its cars; while it had no right whatever to, nor could it make use of, any part of the street beyond the limits of such strip. Pedestrians and persons moving in vehicles have the unquestionable right to use the track of a street car line, but, in doing so, they must of necessity give way, and, if on the track, leave it, when necessary to do so for the movement of the cars. But, at the same time, those in control of the cars must exercise a reasonable degree of watchfulness, care and caution to discover persons on the track, or so near thereto, as to render their position perilous or themselves in danger of injury from the cars, taking into consideration the surroundings, time and place, and certainly

a greater degree of watchfulness is required in a part of a city thickly populated than where thinly settled.

The following instructions were asked by the defendant and refused:

"1. The court instructs the jury that defendant had the lawful right to run and operate its trains along Lexington street in the city of Independence, and if you believe from the evidence that plaintiff was driving a team which he knew was likely to become frightened at defendant's train, then, upon any such train approaching, it was plaintiff's duty to drive off of said Lexington street, if he had an opportunity to do so, and if he failed to so drive off of said Lexington street such conduct on his part constituted negligence, and, if the same contributed to the accident complained of, the plaintiff is not entitled to recovery and your verdict must be for the defendant.

"2. The court instructs the jury that if you believe from the evidence that at the time of the accident complained of, the plaintiff was driving a team which he knew was easily frightened at defendant's trains, and that he knew, or by the exercise of ordinary care might have known, that one of such trains was liable to pass at or about that time, then it was negligence on the part of plaintiff to drive such team along said street where such train was passing, and, if the same contributed to the accident, such conduct on his part prevents him from recovering, and your verdict must be for the defendant.

"3. The court instructs the jury that if you believe from the evidence that the team which plaintiff was driving was easily frightened at railroad trains, and that such vice in the team caused them to take fright and either caused the accident or contributed to the accident of which plaintiff complains, he can not

recover in this case and your verdict must be for the defendant.''

It is insisted by defendant that the court erred in refusing these instructions, the effect of which was to tell the jury that if plaintiff's horses were afraid of the cars and he knew it, he had no right to drive them upon the street occupied by defendant. The first and second will be considered together.

Knowing, as plaintiff did, that his horses were afraid of the cars, and that the train was likely to come along near where they were, at any time, it was his duty to remove them a safe distance from the railroad track, providing he had time and opportunity to do so, but if, knowing the situation, he chose to have them remain near the track and by reason thereof his conduct contributed directly to his injury, he was not entitled to recover. He could not knowingly take the risk of being hurt under such circumstances, and, if hurt, then require the defendant to respond in damages therefor. Thus it is said it *Muncie Street R'y Co. v. Maynard*, 5 Indiana App. 372. ''If a person was driving a horse that he knew or had reason to believe would, at the sight of the engine and cars, become frightened and unmanageable, then he would be guilty of negligence if he did *not use reasonable precautions to avoid the same.*'' See, also, *Flagg v. Railroad*, 55 N. W. Rep. (Mich.) 444; *Ft. Worth, etc., R'y Co. v. Taliaferro*, 19 S. W. Rep. (Tex.) 432; *Olson v. Railroad*, 81 Wis. 41; *Hargis v. Railroad*, 75 Tex. 19; *Illinois Central R'y Co. v. Buckner*, 28 Ill. 299; *DeVille v. Railroad*, 50 Cal. 383; *Cornell v. Railroad*, 82 Mich. 495; *Louisville, etc., R'y Co. v. Schmidt*, 81 Ind. 264.

In *Philadelphia, etc., R'y Co. v. Stinger*, 78 Pa. St. 219, it is said: ''It is true, the law will not banish horses from the highways. It is equally clear that the plaintiff had a right to drive the horse referred to, or

any other horse, however vicious, upon the Gray's Ferry road, at this particular point of danger.   We are not dealing with the absolute rights of the parties. The question here is one of prudence and care.   When a man drives an unbroken or vicious horse, or one that is easily frightened by a locomotive, along a public road running side by side with a railroad, and liable to be met or overtaken by a train, he does so at his own risk. It is an act amounting to recklessness.  *  *  * Duties and obligations are mutual.   The railroad company had as high a right to move their trains upon their road as the plaintiff had to drive his horse along Gray's Ferry road.   Both were bound to the exercise of care in accordance with the circumstances of the case.''

We are not prepared to say that plaintiff was guilty of such contributory negligence as would *per se* preclude a recovery in this action, but as to whether he was or was not guilty of negligence contributing directly to his injury, under the circumstances in proof and the law as herein announced, should be submitted to the jury under proper instructions embodying the principles of the above cited cases.

Although plaintiff may have been guilty of negligence, yet if defendant's agents or servants in charge of the cars saw the perilous position of plaintiff, or might have discovered it by the exercise of due watchfulness and care in time to have checked the cars and avoided injury, if, in fact, it was caused by collision with the cars, and they failed to do so, the defendant is liable.

Defendant's third instruction was properly refused for the reason that it precluded plaintiff's recovery if his negligence in any degree, however remotely, contributed to the injury, it matters not how negligent defendant may have been.   Although the plaintiff may have been guilty of some negligence which remotely

contributed to the injury, yet, if those in charge of defendant's cars could, by the exercise of ordinary care, watchfulness and prudence, have prevented it, the defendant is liable. *Meyers v. Railroad*, 59 Mo. 223; *Karle v. Railroad*, 55 Mo. 476.

It is only where the plaintiff's negligence contributes *directly* to the injury that his recovery is precluded upon the ground of contributory negligence.

The same defect also exists in defendant's first and second refused instructions.

Plaintiff's second instruction should have been refused. It had no place in the case, especially after all of the defendant's instructions had been refused as to the burden of proof on the defense of contributory negligence, and, if necessary to have been given, it should have set forth the facts necessary, under the evidence, to constitute contributory negligence upon the part of the plaintiff. *Yarnall v. Railroad*, 75 Mo. 575; *Gurley v. Railroad*, 93 Mo. 445; *Goodwin v. Railroad*, 75 Mo. 73.

As the judgment, from what has been said, must necessarily be reversed and the cause remanded for a new trial, we suggest that the damages in case of a recovery by plaintiff be confined, by the instructions to compensation for the pain suffered and permanent injuries occasioned by defendant's negligence, and whatever the evidence may show plaintiff has expended for medicine and medical attendance, not to exceed the sum of $100, as well also as to the value of his services during the time he was unable to labor.

We are not prepared to say that the verdict was wholly unsupported by the evidence, nor that the damages awarded are excessive. The judgment is reversed and the cause remanded to be tried in conformity with the views herein expressed. All of this division concur.