W. S. MOXLEY, Respondent, v. SOUTHWEST MISSOURI ELECTRIC RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, February 4, 1907.

1. STREET RAILWAYS: Travelers in Street: Care. Those controlling street cars must exercise reasonable care to discover passengers on the track or near thereto and to avoid injury.

2. ————: Frightened Horse: Care: Natural Result. A street car was meeting a horse and buggy. The horse manifested some restlessness and when near the car suddenly darted across the track resulting in a collision. *Held,* the motorman could not be charged with notice that the animal would in the natural course of events get upon the track when it was approaching him and that the action which culminated in the collision was sudden, unexpected and unusual and that the mere fright of the horse did not require the stoppage or slacking of the speed of the car.

Appeal from Jasper Circuit Court.—*Hon. Hugh Dabbs,* Judge.

REVERSED.

*McReynolds & Halliburton* for appellant.

(1) The court erred in not giving defendant's instructions to find for the defendant at the close of plaintiff's evidence, and at the close of all the evidence. Molyneux v. Railroad, 81 Mo. App. 25; Dunkman v. Railroad, 95 Mo. 232; Rine v. Railroad, 88 Mo. 392; Yarnall v. Railroad, 75 Mo. 575; Swigert v. Railroad, 75 Mo. 50; Barker v. Railroad, 98 Mo. 50; Weber v. Cable Cars Co., 100 Mo. 194; Corcoran v. Railroad, 105 Mo. 399; Carroll v. Interstate R. T. Co., 107 Mo. 653; Watson v. Railroad, 133 Mo. 246; Grant v. Railroad, 25 Mo. App. 227. (2) The evidence shows defendant's car was running at a slow rate of speed, so much that a man could board it while running, and that there was no unusual sight or sound created by the negligence of defendant or its employees and that defendant is not liable for the horse becoming frightened. Amer. & Eng. Cyclopedia of Law, p. 1031, sec. 6, note 2; Chapman v. Railroad, 27 Ohio L. J. 27; Booth on Street Railways, secs. 297, 298, p. 399; Molyneux v. Railroad, supra. (3) Plaintiff's individual testimony shows that he had ample time to get away from proximity to the car when horse first showed signs of fright, and he was negligent in going or permitting himself to be driven into a place of danger, and is not entitled to recover on that account and the court should have given refused instruction numbered 7. Nelson v. Railroad, 68 Mo. 593; Craig v. Sedalia, 63 Mo. 417; Kelley v. Railroad, 101 Mo. 96; Corcoran v. Railroad, 105 Mo. 399; Smith v. Railroad, 52 Mo. App. 36; Culbertson v. Railroad, 140 Mo. 35; Fechley v. Traction Co., 96 S. W. 421. (4) The evidence in this case showing that the horse was not and did not get into a place of danger until the car was so close to him, that it was impossible to stop it in time to prevent a collision, defendant's motorman was not guilty of any negligence. Watson v.

Railroad, 133 Mo. 246; Hudson v. Railroad, 101 Mo. 30; Reardon v. Railroad, 117 Mo. 384; Prewitt v. Eddy, 115 Mo. 283; Sullivan v. Railroad, 117 Mo. 214; Dunn v. Railroad, 98 Mo. 652.

*W. J. Owen* and *H. W. Currey* for respondent.

(1) That the plaintiff himself was entirely free from fault is clearly shown by the evidence. If there was any neglect other than that of the street car company, it was in the driver of the horse hitched to the buggy in which the plaintiff was riding and the neglect in such driver was not imputable to the plaintiff. Johnson v. St. Joseph, 96 Mo. App. 671. (2) The argument that the defendant had not sufficient time to stop its car after plaintiff was on the track by the shying of the horse drawing the buggy in which he was riding, is without merit, since defendant's duty is not fulfilled by keeping watch for persons "on its tracks" but as said by the court in Moore v. Railroad, 126 Mo. 274, "those in control of the cars must exercise a reasonable degree of watchfulness, care and caution to discover persons on the track, or so near thereto, as to render their position perilous or themselves in danger of injury from the cars, taking into consideration the surroundings, time and place."

BROADDUS, P. J.—The defendant is a corporation engaged in the operation of an electric railway running from Joplin and Webb City to the town of Carthage, Missouri, and in passing through Webb City defendant's track traverses Daugherty street from east to west, a much traveled thoroughfare, forty feet in width between the curbs. The plaintiff claims that he was injured while he was passing along said street as the result of the negligent operation by defendant of one of its electric cars.

The facts disclosed by the evidence are that on the 26th of May, 1905, the plaintiff was traveling west on said street in a buggy drawn by a single horse, at which time one of defendant's cars was going east on the street; that the horse when within a distance of about four hundred feet from the car manifested symptoms of being alarmed; that as the car approached his alarm increased, and that just before the car came opposite to the buggy he suddenly darted across the track in front of the car, but in doing so the car struck a front wheel of the buggy which had the effect of damaging the vehicle and throwing the plaintiff to the ground, by which he was severely injured.

The horse at the time was driven by Mr. Grant Denny, the owner. The facts, as stated by him, show in detail just how the collision occurred. He stated substantially that when the horse saw the car approaching about two blocks away he merely threw up his head; that the nearer it came his alarm increased and he had his head up and was shying from the time the car was a block away; that the distance from the curb to car track was thirteen feet and nine inches; and that as the car approached the horse became very uneasy and moved from side to side, but did not then get upon the track, but the buggy did; that all at once he made a sudden turn to the right when the wheel of the buggy got upon the track and was struck by the car. There was no evidence that the car was moving at an unusual rate of speed, except we construe the statement of witnesses to have meant such when they said it was going "pretty fast." The evidence of the plaintiff himself was in effect about the same as that of Mr. Denny. The street in question was one of the principal streets of the city, but at the time it was not occupied by many persons or vehicles.

The finding and judgment were for the plaintiff and defendant appealed.

The Supreme Court, in speaking of the degree of care incumbent upon corporations operating street cars, said that, "Those in control of cars must exercise a reasonable degree of watchfulness, care and caution to discover persons on the track, or so near thereto, as to render their position perilous or themselves in danger of injury from the cars, taking into consideration the surroundings, time and place, and certainly a greater degree of watchfulness is required in a part of a city thickly populated than where thinly settled." [Moore v. Transit Co., 126 Mo. 265.] The plaintiff contends that under the rule so announced that the defendant's operators saw or should have seen that the horse was becoming alarmed at the approaching car and that it was their duty under the circumstances to have slackened its speed.

But did the circumstances require such care upon the part of defendant's operators? The horse and buggy were approaching the car, both moving on an unobstructed street with ample space between the track of the railroad and the curbing for the passage of the buggy without coming in contact with the car. Although the persons operating the car may have seen that the horse was uneasy and alarmed, still it would be unreasonable to charge them with notice that the animal would in the natural course of events, while in such a state of alarm, get upon the track while it was approaching him. On the contrary, the natural conclusion would be that he would endeavor to get farther away from it. It seems that the action of the horse that culminated in the collision was sudden, unexpected and unusual. The driver as a matter of course had no reason to believe that the horse would so act. And to hold that the motorman in charge of the car might have anticipated the horse's unusual and sudden action would in effect make the corporation an insurer of the safety of persons and vehicles on the streets where its cars were being operated. Had

the car approached the horse from behind and he had become alarmed, it would have been the duty of the motorman, seeing that he was in dangerous proximity to the track, to have used every necessary precaution to avoid a collison. The occurrence under consideration was purely accidental for which no one was to blame and which could not have been anticipated by the exercise of reasonable care. The defendant company was not required to stop or slacken its car because the horse appeared to be frightened as there was nothing to indicate imminent peril. [Molyneux v. Railway, 81 Mo. App. 25.]

And it may be further said that the speed of the car was not the proximate cause of the collision and plaintiff's injury. It follows from what has been said that the court erred in not giving, as requested, the instruction to return a verdict for defendant. Reversed. All concur.