GEORGE MARTIN, Respondent, v. UNITED RAILWAYS COMPANY OF ST. LOUIS, Appellant.

St. Louis Court of Appeals, January 5, 1915.

1. **TRIAL PRACTICE: Conflicting Evidence: Questions for Jury.** The question is for the jury when the evidence with respect to it is conflicting.

2. **STREET RAILWAYS: Injury to Pedestrian: Violation of Vigilant Watch Ordinance: Sufficiency of Evidence.** In an action for injuries to a person struck by a street car while walking near the track, evidence that plaintiff was in plain view of the motorman as the car approached and that the car could have been stopped within two feet, *held* to warrant the submission of the case to the jury on the question as to whether the motorman failed to keep a "vigilant watch," as required by a municipal ordinance, or, if he kept such watch, whether he was negligent in failing to stop the car, or, at least, sound the gong.

3. ————: ————: Vigilant Watch Ordinance: Last Chance Doctrine: Pleading. In an action for injuries to a person struck by a street car, where the petition counted on the violation of the Vigilant Watch Ordinance of the city of St. Louis, enjoining upon motormen the duty to keep a vigilant watch for persons on or approaching the track, and to stop the car in the shortest time and space possible, upon the first appearance of danger to such person, an instruction authorizing a recovery under the last chance doctrine was not erroneous, on the ground that such doctrine was not pleaded, since such ordinance is merely declaratory of the last chance doctrine; the two being identical in their practical import and application.

4. ————: ————: Instructions: Use of Streets. In an action for injuries to a person struck by a street car while walking near the track, an instruction, that defendant was not entitled to the exclusive use of the street, and that it was the duty of defendant, in using said street, to operate its cars thereon with the same care and vigilance that would be exercised by a person of ordinary care and prudence, and that, in the exercise of such care, it was the duty of the motorman operating the car which struck plaintiff to be on the watch for persons on the tracks of defendant or approaching said tracks, was not erroneous, on the theory that it misled the jury into believing that plaintiff had a right on the track, or adjacent thereto, equal to defendant, since, notwithstanding a street railway company's right to use that part of the street occupied by its tracks is paramount to the right of pedestrians thereon, nevertheless pedestrians have the unquestioned right to walk upon the track, subject, however, to the duty to leave it, when necessary to do so, for the movement of cars, and the instruction merely refers in general terms to the use of the street and accurately states the law concerning that matter, together with the attendant duty resting upon defendant in using it.

Appeal from St. Louis County Circuit Court.—*Hon. G. A. Wurdeman,* Judge.

AFFIRMED.

*Boyle & Priest, J. C. Kiskaddon* and *A. H. Kiskaddon* for appellant.

(1) Where the evidence introduced by plaintiff shows clearly that he was guilty of negligence which contributes to his injury, he cannot recover, and a de-

murrer to the evidence ought to be sustained. Hudson v. Railroad, 101 Mo. 13; Sherman v. Transit Co., 103 Mo. App. 515; McGrath v. Transit Co., 197 Mo. 97; Moore v. Railroad, 176 Mo. 528; Holland v. Railroad, 210 Mo. 338; Culberson v. Railroad, 140 Mo. 35; Watson v. Railroad, 133 Md. 246; Hornstein v. Railroad, 195 Mo. 440. (2) Street cars running on a fixed track have the right of way. Culberson v. Railroad, 140 Mo. 35; Booth on Street Railways (2 Ed.), sec. 303; Elliott on Roads & Highways (3 Ed.), sec. 961; Moore v. Railroad, 126 Mo. 265. (3) Instructions 1 and 2 given at the instance of plaintiff are erroneous. Under the pleadings, and evidence there is no room in this case for invoking the humanitarian doctrine. The petition does not plead such a state of facts as would authorize such instructions, nor does the evidence warrant them. There is no evidence of "reckless, wilful or wanton" conduct of defendant's servants. McGrath v. Transit Co., 197 Mo. 97; Orcutt v. Building Co., 201 Mo. 424; Moore v. Railroad, 176 Mo. 528; Kons v. Railroad, 178 Mo. 591; Deane v. Transit Co., 192 Mo. 575; Nivert v. Railroad, 232 Mo. 626; Pope v. Railroad, 242 Mo. 232; Clark v. Railroad, 242 Mo. 570.

*Lewis & Rice* for respondent.

(1)    Although the plaintiff may have been guilty of negligence by placing himself in a position of peril this does not preclude his recovery provided such negligence did not contribute directly to the injury. Moore v. Railroad, 126 Mo. 265; Sullivan v. Railroad, 117 Mo. 214. (2) Apart from all else, the "Vigilant Watch Ordinance" of the city of St. Louis imposes on the persons in charge of street cars the duty to keep a vigilant watch and on the first appearance of danger to persons or vehicles to stop the car in the shortest time and space possible. The right of way which a street railway possesses is not such a right of way which excludes

the public from a reasonable use of the streets, nor which justifies the running down and injuring of persons upon or near the track. Moore v. Transit Co., 126 Mo. 265; Blyston-Spencer v. Railroad, 152 Mo. App. 118. (3) It has been the law in Missouri for half a century that common-law negligence and negligence made so by statute or ordinance (such as the Vigilant Watch Ordinance) can be pleaded in the same count of a petition and recovery allowed on proof of all or one or more of these specifications. The allegations in the petition in this case, and the evidence presented, support the plaintiff's instructions 1 and 2 and furnish the proper basis for invoking the humanitarian doctrine in this case. Clark v. Railroad, 242 Mo. 570; Wacher v. St. Louis Transit Co., 108 Mo. App. 645; Haley v. Railroad, 197 Mo. 15; White v. Railroad, 202 Mo. 539. (6) It is the law of this State that, although an injured party may have been guilty of negligence, by placing himself in a position of peril, yet if defendant, by the exercise of ordinary care, did see him in such position, or by the exercise of such ordinary care could have seen him in such position, in time to have averted the injury, then the defendant is liable. Matz v. Railroad, 217 Mo. 275; Spencer v. St. Louis Transit Co., 222 Mo. 310; Clark v. Railroad, 242 Mo. 570; Murphy v. Railroad, 228 Mo. 56-79; Sullivan v. Railroad, 117 Mo. 214; 1 Shearman & Redfield on Negligence (4 Ed.), sec. 99; Ellis v. Metropolitan Ry., 234 Mo. 657; Shipley v. Railroad, 144 Mo. App. 7; Feeney v. Railroad, 123 Mo. App. 420; Powell v. Railroad, 59 Mo. 626; White v. Railroad, 202 Mo. 539.

NORTONI, J.—This is a suit for damages accrued to plaintiff on account of personal injuries received through defendant's negligence. Plaintiff recovered and defendant prosecutes the appeal.

Plaintiff was run upon and injured by one of defendant's cars while walking in the public street near

the tracks, in circumstances that suggest his injury might have been obviated by due care on the part of the motorman. It appears plaintiff, an old gentleman, aged eighty-one years at the time, was walking north on the sidewalk on the east side of Sixth street in St. Louis, and crossed Morgan street with a view of continuing his journey, but was interrupted in further following the sidewalk because of its apparent obstruction through the erection of a building there. Immediately north of Morgan street and on the east side of Sixth street a building was in the course of construction, and, though a canopy had been erected over the sidewalk for the protection of pedestrians, men were, nevertheless, going out and in the building with wheelbarrows, and, therefore, the passageway on the sidewalk seemed to be encumbered. Because of this, plaintiff turned off of the walk and into the street by walking around a pile of brick and building material adjacent to the curb and wended his way to the northward along near the east rail of the east car track. Defendant owns and maintains two car tracks running north and south in Sixth street, at the point in question, and the track on the east was occupied by northbound cars while the track on the west by cars moving to the southward.

While plaintiff was in the street and walking northward, about two feet east of the east rail of the east car track, defendant's northbound car ran upon him from behind, it is said, without sounding a gong or giving other warning of approach, and inflicted the injuries complained of. The place of the collision was about sixty feet north of Morgan street and, as before stated, near the middle of Sixth street immediately west of the new building under construction. It appears defendant's northbound car, occupying the east track on Sixth street, stopped adjacent to the northeast corner of Sixth and Morgan streets to take on or discharge passengers and then moved slowly forward

but a short distance until it ran upon plaintiff so walking in the street within one or two feet of the rail of the track. The hour was about 10:30 o'clock in the forenoon and the view open and clear. There is evidence tending to prove that the motorman was at his post in the forward end of the car with the lever controlling the power in hand and so situate as to see plaintiff and his every movement. Plaintiff was walking slowly looking at a workman pulling a wheelbarrow, and the car came slowly on behind him without a sound of the gong or other warning, according to the evidence most favorable to his cause, collided with him, precipitated him forward to his injury, and stopped about ten feet beyond. Morgan, the workman with the wheelbarrow, observed the dangerous situation of plaintiff and ''hollered'' out to the motorman to stop or ''you will kill the man,'' when the street car was some ten or twelve feet away—that is, while it was yet ten or twelve feet south of plaintiff. Notwithstanding this warning and the fact that plaintiff was in full view of the motorman all of the time, the car was not stopped, if the evidence of plaintiff's witnesses is believed, until it had passed ten feet beyond the point of collision. It is in evidence that the car could have been stopped at the rate of speed it was going at the time within the distance of two feet, with the appliances at hand, and, indeed, the motorman says he actually stopped it within two feet after colliding with plaintiff. However, it is the theory of defendant, and the evidence of the motorman tends to prove, that plaintiff was not in a situation of peril at first, but was walking to the northward in the street some four feet east of the car track and suddenly stepped over in front of the moving car when it was but two and one-half feet distant from him, and in this wise received his injury. Of course, the question concerning this matter was one for the jury. ..

The petition pleads the Vigilant Watch Ordinance of St. Louis, and counts upon a breach of it, in that it is averred defendant's servant in charge of the car negligently failed to keep a vigilant watch for persons on or near the track and failed to stop the car in time to avoid injuring plaintiff, though, by exercising ordinary care, he could have observed plaintiff in a position of peril and stopped the car in time to have averted injuring him. It is urged the court should have directed a verdict for defendant because there is no evidence to the effect that the motorman did not keep a vigilant watch ahead. But, obviously, this argument is without merit. The evidence is abundant that plaintiff was in plain view of the approaching car and that the motorman was stationed in a position to see him in a situation of peril. If the motorman saw plaintiff, then it is to be inferred he was remiss in his duty in failing to stop the car, or, at least, sound the gong; and if he did not see plaintiff, he could have done so by exercising ordinary care to that end, and it appears the car could have been stopped at the rate it was going within two feet. Morgan, the workman standing by, says he "hollered" at the motorman to stop the car or "you will kill the man," when the car was yet ten or twelve feet away. It is entirely clear the case was one for the jury.

The instructions are well and carefully drawn and submit the question to the jury on the hypothesis that plaintiff was negligent for his own safety at the time, but authorize a recovery under the last clear chance doctrine. In view of this, it is argued the judgment should be reversed, for it is said the last clear chance or humanitarian doctrine is in nowise counted upon in the petition but rather the vigilant watch ordinance is invoked. This argument is without merit, too, for the courts have frequently declared that the Vigilant Watch Ordinance is merely declaratory of the municipality's approval of what is called the hu-

manitarian, or last chance, doctrine. In their practical import and application, the two are identical and the same, in so far as the instant case is concerned. The court very properly instructed the jury in this view. [See Kaiser v. United Rys. Co., 155 Mo. App. 428, 135 S. W. 90; Gebhardt v. St. Louis Transit Co., 97 Mo. App. 373, 71 S. W. 448; Mertens v. St. Louis Transit Co., 122 Mo. App. 304, 99 S. W. 512; Sluder v. St. Louis Transit Co., 189 Mo. 107, 88 S. W. 648.]

Among other things, the court instructed the jury at the instance of plaintiff as follows:

"The court instructs the jury that on the 5th day of November, 1910, the defendant was not entitled to the exclusive use of said Sixth street between Morgan street and Franklin avenue in said city of St. Louis, and that it was the duty of the defendant in using said street to operate its cars thereon with the same care and vigilance which would be exercised by a person of ordinary care and prudence, and that in the exercise of such care it was the duty of the motorman operating the car which struck plaintiff to be on the watch for persons on the tracks of defendant or approaching said tracks."

It is argued this instruction was prejudicial to defendant because it misled the jury into believing that plaintiff had a right on the car track, or adjacent to the track, equal to that of defendant; but we are not so persuaded. It is true the instruction informs the jury that defendant was not entitled to the exclusive use of Sixth street between Morgan and Franklin avenues, but there can be no doubt of the proposition so stated. The remaining portion of the instruction is in nowise criticized. Although the Supreme Court has declared a street railway company's right to use that part of the street occupied by its tracks is paramount to the right of a pedestrian thereon, it has said, too, that such pedestrians have the unquestioned right to walk upon the track as well, when laid in a public street,

subject, however, to the duty to leave it, when necessary to do so for the movement of the cars. [See Moore v. Kansas City, etc., Ry. Co., 126 Mo. 265, 29 S. W. 9.] Accepting this to be the sound law, it is entirely clear that the instruction above copied in nowise misled the jury, for it referred in general terms to the use of the street and accurately stated the law of the case concerning that subject-matter, together with the attendant duty resting upon defendant in using it. It is certain this instruction does not constitute reversible error.

The judgment should be affirmed. It is so ordered. *Reynolds, P. J.,* and *Allen, J.,* concur.