## A. G. DAVIS, Appellant, v. CITY LIGHT & TRAC-TION CO., Respondent.

Kansas City Court of Appeals.   June 14, 1920.

1. **Contributory Negligence: Street Car Crossing Automobile Guest: Rear Seat.** A plaintiff was sitting on the rear seat of an automobile on invitation from the owner and driver, who with a companion, was on the front seat. They approached an intersection of two streets, in a city, one of the streets occupied by street car track. The driver and his companion saw a street car approaching in ample time to have stopped the auto had it been controllable; he made every effort but it would not respond. It would stop, jerk forward and stop again, until it got on the track and a collision followed. Plaintiff on the rear seat was injured. He did not look in the direction the car was coming from until just before the collision. It was *held* that he was not guilty of contributory negligence as a matter of law; and that the mortorman of the street car seeing the trouble of the auto was having was guilty of negligence in not stopping his car.

2. **Contributory Negligence: Direct Result: Must Have Caused the Injury.** Contributory negligence to forbid a recovery in a personal injury action must have directly caused the injury. And any act or omission of the injured person which would not have changed the result had action been taken, or the omission not have occurred, is not the proximate cause of the injury and hence is not contributory negligence in the sense of the law.

3. **Submission to Jury: Plaintiff's Rights: Contributory Negligence.** A party plaintiff is entitled to have his case submitted to the jury as it exists, and, notwithstanding the verdict is for the defendant, it is reversible error to peremptorily instruct that he is guilty of contributory negligence and can recover, if at all, only on the humanitarian rule, when the evidence leaves it questionable.

Appeal from Pettis Circuit Court.—*Hon. Hopkins B. Shain,* Judge.

REVERSED AND REMANDED.

*Lamm, Bohling & Lamm* for appellant.

*George F. Longan* for respondent.

ELLISON, P. J.—Plaintiff's action is for damages resulting from personal injury received in a collsiion with one of defendant's street cars at the intersection of Ohio and 15th street in Seladia. The verdict and judgment in the trial court were for the defendant.

Plaintiff, 68 years of age, resides in Sedalia and had been out in the country on some business connected with a farm which was formerly his home. Being ready to return, a former neighbor (Mr. Arnold) who was going into the city offered him a seat in his automobile. A Mr. Jeffries accompanied them. Plaintiff sat alone on the rear seat while Jeffries and Arnold were seated in front, the latter driving. As above stated, Ohio street and 15th street intersect, the crossing being much used by the public. The former of these streets runs north and south, while the latter runs east and west, and defendant's tracks are on the former.

Plaintiff and his companions arrived in Sedalia safely, the automobile was being driven east along 15th street, approaching the crossing, at four or five miles an hour, while the street car was approaching from the north at the rate of about fifteen miles an hour. When the automobile reached Ohio street, both Arnold, the driver, and his companion Jeffries, saw the car coming, and Arnold undertook to stop, but something was wrong, the machine only slowed up a little, then started up and got "on the street car track and it just kind of stopped—just about stopped and started again." The street car hit the back end of the auto, mashed one fender, broke one of the rear wheels and carried the auto along the track a distance of fifty-four feet. The street car fender was broken off and glass in front of the car was broken out and plaintiff was hit on the head and body, making a large contusion on his forehead and fracturing several ribs, besides breaking his collor bone. He was unconscious for a time.

The refusal of the automobile to stop, the effort of Arnold to force it—the slowing up and starting for-

ward, were all in plain view of the motorman on the street car and he put on his brake, slackened the speed of his car some, but released the brake which let the car resume its speed.

Plaintiff, as we have stated, was sitting on the back seat, the top of the auto was up and the door shut, but the curtains were not on. His attention was drawn and he did not look in the direction of the street car until a moment before the collision.

Plaintiff offered several instructions which were refused. It is apparent from the record that the trial court considered that unless plaintiff made out a case under the humanitarian rule he failed as a matter of law, for after refusing instructions offered by defendant and most of those offered by plaintiff, it gave one on its own motion submitting the case on that rule, closing with these words; 'that the issue of contributory negligence is withdrawn by the court from the consideration of the jury.'' That was but another way of ruling that plaintiff was guilty of contributory negligence, as a matter of law, and that, in consequence, he could only recover under the humanitarian rule. Therefore we have only to consider whether the court erred in this view.

Plaintiff had rightly insisted that even if Arnold, the owner and driver of the auto, were guilty of contributory negligence, it could not be attributed to him (Moon v. Transit Co., 237 Mo. 425, 435; Sluder v. Transit Co., 189 Mo. 107, 139.; Neff v. City of Cameron, 213 Mo. 350, 362) and that if defendant's servants were negligent, plaintiff should recover unless his own negligence directly contributed to his injury. So we are to judge plaintiff's actions alone in the circumstances attending his injury. We recognize that while a driver's negligence will not be imputed to the passenger, yet it is the latter's duty to look out for himself by exercising care in crossing railway tracks, and that if he does not do so he will be guilty of contributory negligence. [Leapard v. Street Railway Co., 214 S. W. 268.] But

it must be such character of contributory negligence as directly produces the injury. Any negligence that is too remote to be called direct, or any act or omission of the injured party which would not have changed the result had action been taken, or omission not have occurred, is not the proximate cause of the injury and hence is not contributory negligence in the sense of the law. [Moore v. Railroad, 126 Mo. 265, 278; Klockenbrink v. Railroad, 172 Mo. 678, 688; Whalen v. Railroad, 60 Mo. 323.]

Thus, if plaintiff had been on the look out and had seen the car approaching, he could have done but two things, one to have warned the driver and the other to have jumped out. Warning the driver would have been wholly useless, since the latter was aware of the car and was using his every endeavor to stop, but failed without fault of any one, if the evidence in his behalf is to be believed. His failure to open the door of the auto and jump out was not such an omission, in the circumstances, as to constitute negligence, as a matter of law. The top of the auto was up, plaintiff was 68 years old and consequently not so agile as a younger person. But more than that, if he had observed the driver at all, he saw he was trying to stop. It is true plaintiff stated that when he first saw the car it was about 40 feet up the track and that the crash came so quickly the auto must have been on the track. At another part of his testimony he said that he was not looking "until he felt a jerk of some kind." That was evidently the jerking of the auto. Then he said he looked and saw the street car 40 feet away "and it seemed like just in an instant it crashed into the auto and that is the last thing I knew." But there was abundant evidence tending to show that before and during this time, Arnold was doing every thing in his power to stop the machine until it got on the track and to start it after it got on. All in full sight of the motorman. In view of the situation and the circumstances

to which we have referred, it seems clear that plaintiff's action and conduct presented a question for the jury.

It may be suggested that as the case was submitted to the jury on the humanitarian rule, and the verdict was for the defendant the jury must have found the defendant's servants were not guilty of any negligence and hence no harm could result from the court finding, as a matter of law, that defendant was guilty of contributory negligence. But to allow this would be taking away from a plaintiff the right to have his case submitted as it exists. It was highly prejudicial to plaintiff to have the jury told by an instruction, as they were, that "under all the facts and circumstances in evidence the plaintiff can only recover, if he recovers at all, under what is known as the last chance doctrine." That was equivalent to the court saying to the jury that plaintiff had brought the injury on himself through his own fault and that only from a sense of sympathy or humanity would be allowed to recover anything.

In view of another trial, we deem it proper to add, that there was abundant evidence, which, if believed, tended to prove that Arnold was a victim of unforeseen circumstances and free from negligence. It was shown that he would have crossed safely but for his unruly machine. On the other hand tending to prove that the motorman saw the predicament in which the occupants of the auto were, that he nevertheless released his brake after once applying, that he saw the auto and the loss of control in ample time to have stopped.

The judgment must be reversed and the cause remanded. All concur.