*Railroads: Accident at depot: Contributory negligence: Leaving horses unhitched.*

1. Leaving his young team unhitched and unattended near the railroad track, the plaintiff crossed the track and went upon the depot platform, whence he could see the track westward but not eastward. No regular train was due. Hearing some one say a train was coming, the plaintiff jumped to reach his team. An engine was passing from the east, without warning, at thirty miles an hour, and as plaintiff jumped from the platform he landed on the forward part of the engine, and was injured. He had jumped first upon a lower platform, from which he could have seen the engine had he looked, but he testified that he neither saw nor heard anything. *Held,* that he was guilty of contributory negligence.

2. To leave unhitched and unattended, within nineteen feet of a railroad track, a team of horses, young, high-lifed, and afraid of the cars, is negligence as a matter of law.

APPEAL from the Circuit Court for *Waukesha* County. The facts are stated in the opinion.

For the appellant there were briefs by *John T. Fish* and *Jackson & Jackson,* and oral argument by *Mr. Fish.* They argued, among other things, that the plaintiff was guilty of such negligence after he was informed of the approach of the engine as precludes a recovery. *Blith v. Birmingham Water Works Co.* 11 Exch. 781, 784; *Railroad Co. v. Jones,*

Olson vs. The Chicago, Milwaukee & St. Paul R. Co.

95 U. S. 439, 441; *Langhoff v. M. & P. du C. R. Co.* 23 Wis. 43; *Haas v. C. & N. W. R. Co.* 41 id. 44; *Kearney v. C., M. & St. P. R. Co.* 47 id. 144; *De Kay v. C., M. & St. P. R. Co.* 41 Minn. 178; *Dunning v. Bond,* 38 Fed. Rep. 813– 815; *Tucker v. N. Y. C. & H. R. R. Co.* 124 N. Y. 308; *Cadwallader v. L., N. A. & C. R. Co.* 128 Ind. 518. It is negligence *per se* to attempt to cross a track ahead of, and in close proximity to, a moving engine. *Kearney v. C., M. & St. P. R. Co.* 47 Wis. 144; *Irey v. Penn. R. Co.* 132 Pa. St. 563; *Miller v. L., N. A. & C. R. Co.* 128 Ind. 97. And in attempting to cross the track when he knew an engine was approaching, without stopping to look or listen, plaint- iff was guilty of such want of ordinary care as precludes a recovery. *Williams v. C., M. & St. P. R. Co.* 64 Wis. 1–4; *Schilling v. C., M. & St. P. R. Co.* 71 id. 255; *Penn. R. Co. v. Bell,* 122 Pa. St. 58; *Wiwirowski v. L. S. & M. S. R. Co.* 124 N. Y. 420. Leaving a young, high-lifed team, afraid of the cars, unhitched and unattended within nine- teen feet of a railroad track, is negligence within all the authorities. *Lynch v. Nurdin,* 1 Q. B. 39; 2 Thomp. Neg. 1140. The fact that plaintiff's mind was fixed on his horses does not excuse his negligence. *Greenwood v. Phil., W. & B. R. Co.* 124 Pa. St. 572; *Eckert v. L. I. R. Co.* 43 N. Y. 502. The motion for a new trial should have been granted. *Bohan v. M., L. S. & W. R. Co.* 61 Wis. 395; *Baldwin v. St. L., K. & N. R. Co.* 68 Iowa, 37; *Pool v. C., B. & Q. R. Co.* 6 Fed. Rep. 850; *Cunningham v. C., M. & St. P. R. Co.* 17 id. 882, 887.

*John Winans* and *E. M. Hyzer,* for the respondent, con- tended, *inter alia,* that negligence cannot be conclusively established by a state of facts upon which fair-minded men may well differ. *Leavitt v. C. & N. W. R. Co.* 64 Wis. 228; *Langhoff v. M. & P. du C. R. Co.* 19 id. 489; *Curry v. C. & N. W. R. Co.* 43 id. 665; *D. & M. R. Co. v. Van Stein- burg,* 17 Mich. 99–120; *Lesan v. Maine Cent. R. Co.* 77 Me.

·85.   The rule that a person about to cross a railroad track must stop and look and listen has never been asserted as a universal principle of law.   In many cases circumstances may excuse this requirement.   *Duame v. C. & N. W. R. Co.* 72 Wis. 523; *Bower v. C., M. & St. P. R. Co.* 61 id. 457; *Eaton v. Erie R. Co.* 51 N. Y. 551; *Penn. R. Co. v. Ogier*, 35 Pa. St. 72; *Winstanley v. C., M. & St. P. R. Co.* 72 Wis. 375; *Shaw v. Jewett*, 86 N. Y. 616; *Abbot v. Dwinnell*, 74 Wis. 514–524; *Butler v. M. & St. P. R. Co.* 28 id. 487.   The situation of plaintiff's property, imperiled as it was, was properly considered by the jury in determining whether the plaintiff acted under the circumstances as an ordinarily careful and prudent man would act.   *Rexter v. Starin*, 73 N. Y. 601; *Wasmer v. D., L. & W. R. Co.* 80 id. 212, 217, 218; *Butler v. M. & St. P. R. Co.* 28 Wis. 487; *Leavitt v. C. & N. W. R. Co.* 64 id. 228; *Bower v. C., M. & St. P. R. Co.* 61 id. 457–461.   The plaintiff had the right to assume that he would not be imperiled by the negligence of the defendant in running its engine.   *Klanowski v. G. T. R. Co.* 57 Mich. 525; *Duame v. C. & N. W. R. Co.* 72 Wis. 523, 530, 531, 533; *Piper v. C., M. & St. P. R. Co.* 77 id. 247–255; *Newson v. N. Y. C. R. Co.* 29 N. Y. 383–391; *D. & M. R. Co. v. Van Steinburg*, 17 Mich. 99; Shearm. & Redf. Neg. sec. 92; Deering, Neg. sec. 16; 2 Thomp. Neg. 1172, secs. 18, 19.   If plaintiff was brought into this place of danger by the wrongful act of the defendant, and he acted without opportunity for reflection, although his choice was not the best means of escape, it is not sufficient to charge him with negligence. *Gumz v. C., St. P. & M. R. Co.* 52 Wis. 672; *Knowlton v. Mil. City R. Co.* 59 id. 278; Shearm. & Redf. Neg. sec. 89; 2 Thomp. Neg. 1174, sec. 20.

The following opinion was filed November 17, 1891:

WINSLOW, J.   This is an action to recover for personal injuries sustained by plaintiff by being struck by one of

defendant's locomotives on the 15th day of March, 1890, at the depot in the village of Orford, Rock county. On that day a tobacco buyer was buying and receiving tobacco at defendant's depot, and a large number of farmers, with teams and wagons loaded with tobacco, were in the village, delivering tobacco at the depot. Among these was respondent, with a young team. There was a large open space or square in the village, north of the depot and separated from the depot by the railway track, and in this space were most of the teams, some hitched and others unhitched, while awaiting their turn to unload. When a man's turn came, his team was driven across the track at the west end of the depot, and the tobacco was received upon a high platform. Just before the accident the respondent drove his team up to within twelve or eighteen feet of the railway track in this open space, it being his turn next to unload. Leaving his team unhitched and unattended, he went across the track onto the depot platform at the west end of the depot, and began to help unload the wagon which was ahead of him. While here the depot obstructed his view eastward on the railway track, but he could see westward on the track for a considerable distance. No regular train was due at the time, but the respondent heard some one on the platform say, "A train is coming!" and he immediately jumped to the northward to reach his team. An engine was passing through the village from the east without stopping at the depot, and as respondent jumped from the platform he landed on the forward part of the engine and was thrown some distance, sustaining severe injuries. Respondent knew there was no train coming from the west, and he started for his horses because he supposed a train was coming from the east. It appears from testimony of trainmen that he made two jumps,— one from the high platform to the lower passenger platform, adjoining the track, and another from this platform onto the engine.

Respondent himself testified that after the first jump from the high platform he knew nothing, except that he got struck; that he neither saw nor heard anything. In answer to appropriate questions, the jury found that no whistle was blown for the crossings near the depot, nor for the station itself, and that the engine was running at the rate of thirty miles an hour. They also found a general verdict in favor of respondent. From a judgment rendered upon this verdict the railroad company appeals.

The first contention made by the appellant is that the evidence does not justify the findings of the jury of negligence in the running of the engine. In the view which we take of the case, we shall assume that these findings are supported by the evidence and are facts in the case. The situation then is that the servants of the railroad company negligently drove this wild engine, without warning, at the rate of thirty miles an hour, through the village and depot grounds, and in so doing struck and injured the respondent. Under these circumstances, if the respondent was in the exercise of ordinary care, he would be entitled to recover; otherwise not. So the question is, Does the proof warrant a verdict that the respondent, *Olson,* was exercising ordinary care when he was struck?

*Olson's* own testimony shows that he left his horses unhitched on the other side of and near the track, and went on the platform at the west end of the depot, where he was totally cut off from any view of the track to the eastward; that while there he heard some one call out that a train was coming; that he saw and knew there was no train coming from the west; that he expected it was coming from the east, and started to save his team with that expectation. It also appeared that when he got onto the lower passenger platform near the track he could look to the eastward and see the approaching train. It appears to be settled by his own evidence that he did not look eastward.

He says that he knew nothing after the first jump; that he did not remember of seeing the engine at all; that he did not take time to look; that he did not see the engine, and that he ran and jumped on the track without seeing the engine at all that he can remember; that he thought the engine was far off, and for that reason did not look. Respondent's hearing and eyesight were good, and the accident happened about noon of a clear day.

Common sense and common prudence certainly require that when a person approaches a railway track, knowing that a train is coming, he should look to see where the train is as soon as he reaches a place where it is possible to do so. Ordinarily, a person who fails to look under such circumstances, and for that reason is run over by a train, is guilty of want of ordinary care. Is there anything in the evidence to take the case out of the ordinary rule? It is unquestioned that when respondent reached the lower platform he could see the approaching train if he had looked. Was there anything in the fact that he had left his team unhitched on the other side of the track that justified him in neglecting ordinary rules of caution? We certainly think not. That was a negligent act of itself; and can it be reasonably urged that an act apparently negligent is purged of that quality solely because it was an attempt to repair the consequences of the same person's previous negligence? Such a position seems untenable and unreasonable. Compare *Kearney v. C., M. & St. P. R. Co.* 47 Wis. 144.

But it is said by respondent's counsel that after respondent's first leap he was overwhelmed by the danger and horror of his position, and that negligence cannot be predicated upon his conduct then, because he was placed in sudden and terrible peril by the act of appellant's servants. There are two answers to this proposition: *First.* The respondent persistently and repeatedly testifies that he did

Olson vs. The Chicago, Milwaukee & St. Paul R. Co.

not look and did not see the engine at all. Certainly, if he was overcome with horror, it must have been because he saw the engine, which he testifies he did not see. *Second.* He negligently placed himself, or assisted in placing himself, in the position of terror and danger.

Upon the facts, most of which are undisputed and sworn to by respondent himself, we cannot support a verdict to the effect that plaintiff was exercising ordinary care.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for a new trial.

Upon a motion for a rehearing, counsel for the respondent, to the point that it is not negligence, as a matter of law, to leave a team unhitched near a railroad track, cited *Wasmer v. D., L. & W. R. Co.* 80 N. Y. 212, 217, 218; 1 Thomp. Neg. 354, sec. 18; *Streett v. Laumier*, 34 Mo. 469.

The following opinion was filed January 12, 1892:

Winslow, J. Careful consideration of the very able briefs presented us upon the motion for rehearing has strengthened our belief in the correctness of the decision. One expression in the opinion, however, is possibly subject to criticism. We refer to that part of the opinion where it is said that the plaintiff's act in leaving his team unhitched near the railroad track was a negligent act.

In this case it appeared from the plaintiff's own evidence that the team was young and high-lifed and afraid of the cars, and that he left them unattended and unhitched within nineteen feet of a railway track. Under these circumstances we are satisfied that the plaintiff's act was negligence as matter of law.

But, while persuaded that our remarks were strictly correct as applied to this case, we perceive the possibility of their being construed to mean that it is negligence in every case for a man to leave a team of horses unhitched and un-

attended. We do not so decide. In most cases it must depend on the attendant facts, and be decided by the jury under proper instructions. There may be cases, however, where such an act must be held to be negligence by the court; and we regard this as such a case. With this explanation, the motion for a rehearing will be overruled.

*By the Court.*— It is so ordered.