# HIRAM CAMPBELL v. CHICAGO GREAT WESTERN RAILWAY COMPANY.[1]

May 28, 1909.

Nos. 16,098—(89).

**Accident at Railway Crossing.**

Plaintiff saw a horse and wagon without a driver approach the railroad tracks at a constantly used crossing of a busy city street. He took hold of the reins suspended from the top of the vehicle. Defendant's railroad train, while the engine whistle was being blown and the train was running at the rate of thirty-five miles an hour, came suddenly into view around a sharp curve some two hundred feet away. The horse became frightened,

[1]Reported in 121 N. W. 429.

plunged forward, and jerked plaintiff on the track. The oncoming train struck him, and produced the injuries for which the jury awarded damages. Its verdict is sustained, despite objection based on the absence of proof of defendant's negligence, on plaintiff's contributory negligence, on the instructions given by the trial court, and on other grounds.

**Contributory Negligence.**

One who goes near enough to a railway track to be in danger from any cause is required by law to exercise due care to avoid harm. This rule does not, however, amount to a hard and fast requirement that such a person must stop, look, and listen, and continue to look under all circumstances and at all times; nor is such person bound to anticipate negligence on the part of persons operating trains on such a track.

Action in the district court for Mower county to recover $2,000 for personal injuries sustained by plaintiff at a public crossing in the city of Austin over defendant's railway track from a train traveling at an excessive and dangerous rate of speed contrary to the ordinance of the city and the statutes of the state. The answer alleged the contributory negligence of plaintiff. The case was tried before Kingsley, J., and a jury which returned a verdict in favor of plaintiff for $1,500. From an order denying defendant's motion for judgment notwithstanding the verdict or for a new trial, it appealed. Affirmed.

*Lafayette French, A. G. Briggs* and *H. Loomis,* for appellant.

*S. D. Catherwood* and *Dunn & Carlson,* for respondent.

JAGGARD, J.

Plaintiff saw a wagon with a horse attached, but without a driver, approaching defendant's railroad tracks at a constantly used crossing of a busy city street. As the horse was about to step on the tracks, plaintiff took hold of the reins, which were suspended from the top of the wagon by a hook. At this point, if he had looked, he could not have seen up defendant's tracks towards the north more than about two hundred feet, because the tracks there curved sharply as they passed "a little wooden building" about that distance from the crossing. While plaintiff was backing this horse away from the railroad track, and when he was safe under ordinary circumstances, defendant's train running thirty-five miles an hour, burst into view some two hundred feet to the north. Sharp blasts of the whistle were blown, the horse became frightened, plunged forward, jerked

plaintiff upon the track, and ran on across the tracks.   Defendant's train hurled plaintiff aside and inflicted the injury for which recovery is here sought.   The jury found a verdict for him in the sum of $1,500.   This appeal was taken from the order of the trial court denying the defendant's usual motion in the alternative.

1. The facts have been stated, as they must be under the circumstances, in accordance with the construction of the testimony introduced most favorable to the plaintiff.   On argument in this court, defendant's negligence was frankly admitted for the purposes of this appeal.   The speed at which the train was running the jury might have found was wrongful.   It was contended, however, that the affirmative testimony that the bell was ringing so overbalanced plaintiff's testimony that he did not hear the ringing of the bell as to exclude this consideration from the determination of negligence. This, however, is a consideration which, under the present circumstances, affects plaintiff's contributory negligence, not defendant's actionable wrong.

2. The gist of this appeal upon the merits is that plaintiff was shown to have been guilty of contributory negligence as a matter of law, or that the circumstances in connection with this contributory negligence were such as to require a new trial to be granted.   We are of opinion that the trial court properly refused to accept either of these views.   Plaintiff was engaged in caring for the property of another, then in a position of peril to itself and of probable danger to defendant's property and to the passengers it was engaged from time to time in transporting.   According to his testimony—which for present purposes must be assumed to be true—he was not standing on the railroad track, nor near enough to be struck by the train, before the train came into view.   He did not intend to go dangerously near it.   He expected to back the horse to a place of safety.

Plaintiff was not required to exercise the care of a person approaching and about to cross the railroad tracks.   It will be assumed that, under the circumstances of this case, plaintiff was within the rule of law requiring one who goes near enough to a railroad track as to be in danger from any cause to exercise due care to avoid harm.   That obligation must, however, vary with circumstances.   It does not amount to a hard and fast requirement that such persons must stop,

look, and listen, and continue to look at all times and under all circumstances. Plaintiff's testimony on direct examination as to looking and listening the jury might have found exonerated him from contributory negligence. His cross-examination was not so favorable to his interests. The result was for the jury.

The jury might properly have found from the testimony that plaintiff had glanced up the track at one time and had seen nothing. The train would have covered in four or five seconds the distance he could have seen it, because of the curve previously stated. The duty to exercise care is in the nature of things continuous, but due vigilance did not require plaintiff to keep his eye fixed in the direction from which the train came. If stress be laid upon the signals which defendant insists plaintiff should have heard, then the emergency element becomes conspicuous. In any view, the situation of the horse and the vehicle constituted to a limited extent a distraction of his attention, the effect of which as a justification was for the jury.

Finally, plaintiff put himself in no position of danger. He could have safely accomplished his humane purpose if it had not been for the negligence of the defendant. He did not anticipate, and as a matter of law was not required to have anticipated, that negligence. He was not bound to have foreseen that defendant would run its train around the sharp curve which prevented its observation at an unlawful and dangerous rate of speed across a much-used thoroughfare. He had the right to rely upon the exercise of commensurate care on defendant's part, in exposing either persons or property to unnecessary and great peril from so dangerous an instrumentality as a rapidly moving train. On principle, the question of contributory negligence was for the jury. Its conclusion is sustained by the record.

The authority most nearly resembling the present case is Lorenz v. Burlington, 115 Iowa, 377, 88 N. W. 835, 56 L. R. A. 752. There deceased was struck by a train on defendant's road at a street crossing. At the time he was attempting to head off and drive back a cow. In considering the question of contributory negligence, McClain, J., said: "In determining what constitutes contributory negligence, * * * only whether the person injured did use the care which the circumstances required of him. Now, while the

rule is well settled in this state, and ·generally elsewhere, that it is contributory negligence for a person to go upon a railway .track without looking or listening to ascertain whether there is danger from an approaching train, yet his duty in that respect is to exercise the care which reasonably prudent persons would exercise under such circumstances. The duty to look and listen is not an absolute one, but one the exercise of which is dependent on conditions." A verdict for plaintiff was affirmed.

The authorities cited by defendant to sustain the contention that "the obligation to exercise care is not alone upon one who expects to cross a railway, but is equally upon one who goes near to it, so as to be in danger therefrom from any cause," without exception involve circumstances so different from the circumstances in the case at bar that they are not controlling. In Flagg v. Chicago, 96 Mich. 30, 55 N. W. 444, 21 L. R. A. 835, plaintiff, instead of alighting, remained in a wagon to which a young horse was attached while a train was approaching. In Moore v. Kansas City, 126 Mo. 265, 29 S. W. 9, plaintiff drove a team of horses, which he knew were easily frightened by the cars, on defendant's right of way, while there was nothing to prevent him from driving down a safe street. In Ft. Worth v. Taliaferro (Tex. App.) 19 S. W. 432, plaintiff attempted to drive in front of an engine which he saw coming. In Olson v. Chicago, 81 Wis. 41, 50 N. W. 412, 1096, plaintiff left, unhitched and unattended, within nineteen feet of the track, a young, high-lived team of horses. In Hargis v. St. Louis, 75 Tex. 19, 12 S. W. 953, plaintiff, having crossed the track in safety, voluntarily and unnecessarily stopped. In Illinois v. Buckner, 28 Ill. 299, 81 Am. Dec. 282, a deaf person drove an unmanageable horse across a track and when a train was approaching. In Deville v. Southern, 50 Cal. 383, plaintiff left a span of horses unhitched at train time. In Cornell v. Detroit, 82 Mich. 495, 46 N. W. 791, plaintiff drove a young horse along a street railway for the purpose of testing the horse. In Louisville v. Schmidt, 81 Ind. 264, plaintiff attempted to lead his horse across a track in front of an engine. In these cases plaintiff's own conduct initiated the peril. In the case at bar the plaintiff had no connection with the original presence of the horse

and wagon on the track.    He should not be penalized for undertaking an errand of mercy.

3. Defendant has laid especial stress upon the instruction by the court to the effect that as plaintiff was not on the crossing, but was jerked upon it by the action of the horse, then plaintiff was not negligent, and defendant was liable if it was negligent. If stress were laid upon the emergency feature of this case, it might be that this instruction was correct in itself. The charge of the trial court must be approved, however, on other grounds; for, after the court had practically completed its charge, it inquired whether counsel desider to call attention to other matters. Counsel for the plaintiff then suggested that the ruling as to plaintiff's contributory negligence in the respect here involved was "stated a little broader than might be warranted." The court thereupon charged that the plaintiff was bound to exercise ordinary care at all times up to the time of the accident, and that if he had notice or knowledge that the train was approaching, or in the exercise of ordinary care should have taken notice, it would have been negligence for him to have gone upon the railroad track, and that in such event he would be guilty of contributory negligence and could not recover. This instruction appears to be as favorable to defendant as properly might be. If defendant thought otherwise, it should have then pointed out its impropriety to the court.

We have examined the other assignments of error, and have found them to be without merit.

Affirmed.