## JOHANNA C. BROWN v. CHICAGO & NORTHWESTERN RAILWAY COMPANY.[1]

### May 14, 1915.

### Nos. 19,175—(100).

**Death by wrongful act — Iowa statute.**

1. A cause of action for death by wrongful act survives under the laws of Iowa, belongs to the estate of the person killed, and the administrator of his estate may maintain an action to recover thereon.

**Same — action in Minnesota.**

2. Having the right of action in that state, the administrator, duly appointed under the laws thereof, may maintain the action in this state.

**Certified copies of foreign records.**

3. Section 8423, G. S. 1913, relating to the admission in evidence of certified copies of records and proceedings when certified as therein required, has no application to foreign records and documents when authenticated and certified in accordance with the act of Congress. Merz v. Chicago & N. W. Ry. Co. 86 Minn. 33, distinguished.

**Accident at highway crossing — verdict sustained by evidence.**

4. Evidence *held* to support the verdict to the effect that the death of plaintiff's intestate was caused by the negligence of defendant in operating a train over and across a public highway without warning or signal of its approach, and also to the effect that decedent was not guilty of contributory negligence.

[1] Reported in 152 N. W. 729.

---

Note.—Upon the admissibility in evidence of copies of records of other states, see note in 5 L.R.A.(N.S.) 938.

Charge to jury.

    5. The record contains no error in the instructions or refusals to instruct the jury.


Action by the administratrix of the estate of Edward M. Brown, deceased, in the district court for Blue Earth county, to recover $30,-000, for the death of her intestate. The case was tried before Pfau, J., who denied defendant's motion to dismiss the action, and a jury which returned a verdict of $7,000. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Brown, Abbott & Somsen,* for appellant.

*Thomas G. Schall, B. C. Thayer* and *T. D. Sheehan,* for respondent.


BROWN, C. J.

Action to recover for the death of plaintiff's intestate, caused by the alleged negligence of defendant. Plaintiff had a verdict and defendant appealed from an order denying its alternative motion for judgment or a new trial.

Decedent was driving his horse and buggy along a public highway which extended over and across the railroad tracks of defendant. Upon reaching the railroad track he was struck and killed by a passenger train operated by defendant. The accident happened near the city of Marshalltown, in the state of Iowa. Plaintiff, his widow, was duly appointed administratrix of his estate by the proper court in that state. She thereafter filed a certified copy of her letters of appointment in the office of the clerk of the district court of Blue Earth county, this state; and brought this action in the district court of that county to recover for the death of decedent, alleging generally in her complaint that it was caused by the negligence of defendant. The answer of defendant put in issue the negligence charged, and other allegations of the complaint in respect to the statutory law of the state of Iowa, upon which the right of recovery is predicated.

1. The first assignment of error challenges the sufficiency of the evidence to show a right of action in plaintiff, as administratrix. The contention as stated by counsel is, that there is no allegation in

the complaint, and there was no evidence on the trial, of any statute of the state of Iowa authorizing an administrator to maintain an action of this kind, and no allegation of proof as to the law of distribution in that state. Myers v. Chicago, St. P. M. & O. Ry. Co. 69 Minn. 476, 72 N. W. 694, 65 Am. St. 579, and Stewart v. Great Northern Ry. Co. 103 Minn. 156, 114 N. W. 953, 123 Am. St. 318, are cited in support of the point. We are of the opinion and so hold that the contention is not sound. The cases cited are not in point.

In the case at bar certain statutes of the state of Iowa were pleaded and offered in evidence which provide (1): That "all causes of action shall survive and may be brought notwithstanding the death of the person entitled or liable to the same" (section 3443, Iowa Code 1897) ; and (2) that "when a wrongful act produces death, damages recovered therefor shall be disposed of as personal property belonging to the estate of the deceased, but if the deceased leaves a husband, wife, child or parent, it shall not be liable for the payment of the debts." [Section 3313] But there was no evidence of any express statutory authority in an administrator to maintain such an action, and herein lies the basis of defendant's contention. We are clear, in view of the provisions of the Iowa statutes, that such express authorization is not necessary. The statutory provisions referred to declare that the right of action survives, and that a recovery shall belong to the estate of the decedent. It constitutes a chose in action, belonging to the estate of the person killed and his duly constituted administrator may reduce it to possession precisely as he may reduce to possession other claims belonging to the estate. In fact the statutes of Iowa have been construed by the supreme court of the state as vesting the right of action in the administrator. Morris v. Chicago, R. I. & P. Ry. Co. 65 Iowa, 727, 23 N. W. 143, 54 Am. Rep. 39. In the Myers case, supra, the cause of action arose in Wisconsin, but the complaint contained no allegation of statutory authority in the administrator to maintain the action, or that the recovery therein belonged to the estate of decedent. The same situation was presented in the Stewart case, supra. Neither case is therefore in point.

2. Plaintiff offered in evidence on the trial a copy of her letters of administration, and they were received over the objection of de-

fendant that they were not properly certified and authenticated. The letters were exemplified and authenticated as required by the act of Congress on the subject and the ruling of the court was correct. The case of Merz v. Chicago & N. W. Ry. Co. 86 Minn. 33, 90 N. W. 7, cited and relied upon by defendant, is not in point. The documents there held not properly certified, namely, a judgment roll in an action in the state of Iowa, were not authenticated under the act of Congress, but solely by a certificate of the clerk of court in whose office the judgment roll was a record, and as pointed out in the opinion the certification was not in the form required by section 5725, G. S. 1894, under which it was offered in evidence. That statute, now section 8423, G. S. 1913, has no application to documents authenticated and certified as required by the act of Congress. The document here in question being properly certified under that law could not be rejected. In re Ellis' Estate, 55 Minn. 401, 56 N. W. 1056, 23 L.R.A. 287, 43 Am. St. 514, 17 Cyc. 348.

3. A number of assignments challenge the instructions of the court, and its refusal to instruct in several respects. We have considered them all and find no substantial error. The charge of the court taken as a whole fully presented the issues to the jury, and they were clearly given to understand the main questions in the case. Defendant's request No. 4 was properly refused, at least there was no error in refusing it, for it singled out a particular contention of fact made by defendant, and directed special attention to that one claim. There was no error in its refusal.

4. The principal contention in the case is whether decedent was guilty of contributory negligence as a matter of law. A majority of the court are of opinion that the facts presented made the question one of fact, and that the verdict of the jury is sufficiently supported by the evidence.

Decedent, with his father, was driving along a public highway in a northerly direction some two miles from Marshalltown, Iowa, in a single seated top buggy; the top was up and obstructed the view of decedent to either side, except that there were small openings in the side curtains through which observations might be made. The high-

way at this point crosses defendant's right of way, and also the tracks of the Minneapolis & St. Louis Railway which extends along and parallel with the defendant's road, at grade and at right angles. Decedent was driving, and at a slow trot or fast walk as he approached the railroad tracks. His view to the east along the railroad was obstructed by a grove of trees until within about 50 feet from the defendant's track, at which point a train approaching from the east could be seen at a distance of over 800 feet. The Minneapolis & St. Louis track was 45 feet from that of defendant, and decedent crossed that track before reaching that of defendant. The day was clear and there were no obstructions to prevent seeing an approaching train other than the grove of trees, except a right of way board fence extending along defendant's right of way to the east of the highway. Decedent first crossed the St. Louis track and as his buggy reached and was partly across defendant's track the rig was struck by a fast train on defendant's track approaching from the east. The horse was killed as well as decedent and his father. As already stated, there was nothing to obstruct decedent's view of the track to the east, except the right of way fence, not at all formidable, after reaching the point of about 50 feet from the defendant's track, yet decedent apparently was not aware of the approaching train. The train was running at great speed, estimated by the witnesses all the way from 50 to 70 miles per hour. If these facts stood alone, the conclusion that decedent was guilty of contributory negligence would seem reasonably clear. But a majority of the court conclude that other facts and circumstances, clearly presented by the record, aided by the presumption of due care on the part of decedent, made the question one of fact. It appears in this connection that immediately preceding decedent on the highway were two men on horseback going in the same direction; they passed over the crossing in safety. A freight train was approaching from the west on one of the tracks of defendant's road, running parallel with that on which the fast passenger was approaching from the east. Decedent may have noticed this train, it was in plain view, and his attention to the situation to the east thereby diverted. It was only a matter of seconds after coming within

view of the tracks that he was struck and killed. His attention may also have been diverted from the fact that the men on horseback, out in the open, by their conduct indicated no approaching danger. The evidence tends to show that the passenger train gave no warning either by sounding the whistle of the engine or by ringing the bell, and the jury was justified in finding negligence on defendant's part in that respect. And with this absence of warning, and the great speed of the train, coupled with the distracting circumstances stated, the conclusion of the court is that the claim of contributory negligence as a matter of law cannot be sustained. The fact that decedent did not stop his horse before attempting to cross the track is not conclusive against him (Jenkins v. Minneapolis & St. Louis R. Co. 124 Minn. 368, 145 N. W. 40; Knudson v. Great Northern Ry. Co. 114 Minn. 244, 130 N. W. 994; Simonson v. Minneapolis, St. P. & S. S. M. Ry. Co. 117 Minn. 243, 135 N. W. 745; Campbell v. Chicago G. W. Ry. Co. 108 Minn. 104, 121 N. W. 429, 28 L.R.A.(N.S.) 346, 133 Am. St. 417), and he will be presumed to have looked in the direction of the approaching train. Hendrickson v. Great Northern Ry. Co. 49 Minn. 245, 51 N. W. 1044, 16 L.R.A. 261, 32 Am. St. 540. The train was running at a great speed and it was not conclusively shown that had he looked immediately on passing the obstruction caused by the grove of trees the train would have been in sight. He was not bound to keep a constant lookout in that direction. Necessarily to some extent his attention was attracted to the approaching freight train, and he had the right to rely in some measure upon a performance of defendant's duty to give the usual warnings of the approaching train. 2 Dunnell, Minn. Dig. § 8192.

The conclusion of the court therefore is that the verdict must stand.

Order affirmed.